McCALEB, Justice
(dissenting).
I am in accord with the views expressed by Justice HAMLIN in his dissenting opinion. The prevailing opinion does not attempt to answer relators’ contention that it was essential, under Article 2996 of the Civil Code, for Jack S. McCrocklin to have an express power of attorney to donate the bonds as his mother’s agent. Indeed, it was assumed by the Court of Appeal and is apparently taken as established by the majority opinion that, since McCrocklin stated that he had his mother’s power of *417 attorney, this was sufficient evidence to prove the existence of such a power and also that the power of attorney contained express authority to alienate his mother’s property. To accept this sort of secondary evidence as proof, in the absence of a showing that the power itself has been destroyed or lost, is improper in my opinion.
Actually, respondents’ whole case is founded on hearsay. For proof of the manual donation, the Court is required to rely upon the uncorroborated hearsay testimony of McCrocklin that his mother told him that she wanted Miss Johnson to have the bonds. This hearsay as to the statement of a party deceased is the weakest sort of evidence and, certainly, McCrocklin’s statement to his banker of his mother’s intention to donate the bonds is of no greater probative value.
Another unimpressive circumstance is that the bonds, on their delivery to the bank at Minden, were earmarked for the joint account of Miss Johnson, a femme sole, and her mother, assertedly on the suggestion of the bank president. This so-called constructive delivery does not constitute, in my opinion, the real delivery provided by Article 1539 of the Civil Code which contemplates that the donee be given exclusive corporeal possession and immediate dominion and control of the manual gift. The lack of real delivery of the bonds to Miss Johnson’s possession is conspicuously shown by the fact that, prior to the institution of these proceedings, two of the bonds were sold by Jack McCrocklin and two others were pledged by him to secure a bank loan to Miss Johnson’s mother. To say, then, that Miss Johnson, who was living in New Orleans at the time, was given constructive possession of the bonds is unrealistic, particularly in view of her frank admission, during cross-examination, that she did not know that McCrocklin had sold two of the bonds or that he had pledged two others as security for a loan to her mother.
The district judge, who saw the witnesses and heard them testify, concluded that no donation had been effected. I think his judgment should be reinstated and affirmed.